**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**MARILYN JONES,**

    **Plaintiff,**

v.                                       **CASE NO. 3:05-cv-59-J-16MMH**

**HONORABLE R. L. BROWNLEE, Acting**
**Secretary, Department of the Army (U.S.**
**Army Corps of Engineers, Jacksonville District,**

    **Defendant.**
_____/

**ORDER OF DISMISSAL WITH PREJUDICE**

Before this Court is Plaintiff's <u>Default by the Court</u> which the Court construes as a Motion for Entry of Clerk's Default filed August 1, 2005 (Doc. #16). The United States Attorney has entered a special appearance solely for the purpose of filing a response to this motion, said response being filed on August 23, 2005 (Doc #18). The substance of Defendant's response is the failure of the Plaintiff to properly serve the government Defendant.

After a review of the file, it is quite apparent that the Plaintiff has had numerous opportunities to serve the Defendant in addition to having ample direction on how to do so and ample time in which to effectuate proper service.

As noted in the Government's response, Plaintiff filed her first *pro se* complaint in case no. 3:04-cv-1182-J-16MMH on November 9, 2004. On March 22, 2005 the Court entered an Order (Doc #7) directing the Plaintiff to show cause why the case should not be dismissed for failure to effectuate service within the time prescribed in Fed. R. Civ. P. 4(m). Plaintiff, on March 31, 2005 in document #8, responded to said Order in a rambling recitation which provided no clear picture to the Court.

In the meantime, Plaintiff filed a second *pro se* complaint on January 14, 2005 in case no. 3:05-cv-59-J-32MMH which was virtually identical to her first case. The Court in an Order dated April 12, 2005 (Doc #9) directed the two cases to be consolidated with the later case number signifying the lead case. The Court stated that it was apparent that the Plaintiff did not understand the requirements of service and proceeded to explicitly explain the requirements, quoting the Federal Rules of Civil Procedure as they relate to service and also directing the Plaintiff as to where she could access the Federal Rules and the Local Rules. It was also noted that Plaintiff had previously been advised that she was subject to the same laws and rules as a litigant represented by counsel (Doc. #5, dated March 4, 2005) and had been provided a copy of the Step By Step Guide to Filing a Civil Action in the United States District Court Jacksonville/Ocala Divisions.

The Court additionally granted Plaintiff an extension until May 14, 2005 to properly serve the Defendant. She was advised that failure to do so would result in dismissal of this action without further notice.

On May 11, 2005, the Plaintiff filed a Return of Service Executed (Doc. #11) which clearly did not comply with Fed. Rule Civ. P. 4(m) in that it was not properly addressed to the civil process clerk of the United States Attorney. Additionally, on June 9, 2005, Plaintiff filed what was improperly docketed as "Proof of Service" (Doc. #12) which in fact was the original summons and envelope addressed to the "Attorney General of the U.S., Washington, District of Columbia, 1350 Pennsylvania Ave. N.W., Washington, D.C. 2004" which was returned to Plaintiff as undeliverable.

As of this date, Plaintiff has failed to properly serve the Defendant in this case even though, relating back to her first case, 3:04-cv-1182, she has had over 300 days in which to do so. The Court finds that service has not been properly executed.

Turning attention to the default which the Plaintiff requests in the document filed August 1, 2005 (Doc. #16), Plaintiff is requesting a default due to failure of the Defendant to comply with Local Rule 3.05 as it relates to the holding of a meeting within sixty (60) days in order to prepare

a Case Management Report and a review of the magistrate judge's order denying the Motion to Compel Defendant to comply with Local Rules 3.05.  For all the foregoing reasons enumerated above finding that service was not proper, the Court affirms Magistrate Judge Howard's Order of July 18, 2005 (Doc. #14).  Accordingly, it is

> **ORDERED AND ADJUDGED**:
>
> 1. That service of process in accordance with Fed. R. Civ. P. 4(m) has not been effectuated;
>
> 2. Plaintiff's Motion for Entry of Clerk's Default is hereby **denied**; and
>
> 3. That the above-styled cause is hereby **DISMISSED WITH PREJUDICE**.

The Clerk is hereby ordered to close this file, to close case no. 3:04-cv-1182-J-16MMH and to terminate all pending motions in both cases.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, this  13th  day of September, 2005.

_____
JOHN H. MOORE II
United States District Judge

Copies to:
  Counsel of Record
  Pro Se Party, if any